Stephen Charles McArthur (Bar No. 277712)
stephen@smcarthurlaw.com
The McArthur Law Firm PC
10008 National Blvd. #295
Los Angeles, CA 90034
Telephone: (323) 639-4455
Facsimile: (855) 420-7032
Attorneys for Plaintiff
DNA VAPOR, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DNA VAPOR, LLC,<br>a California limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>COSMIC FOG VAPORS, LLC<br>a California limited liability company<br><br>Defendant. | Case: 8:16-cv-2092<br><br>**COMPLAINT FOR**<br>**1. False Designation**<br>   **of Origin 15 U.S.C. § 1125(a)**<br><br>**2. Common Law Trademark**<br>   **Infringement**<br><br>**3. California Statutory Unfair**<br>   **Competition § 17200**<br><br>**4. California Common Law**<br>   **Unfair Competition** |

Plaintiff, DNA Vapor, LLC ("DNA Vapor" or "Plaintiff") by and through its undersigned counsel, hereby complaints against Defendant Cosmic Fog Vapors LLC ("Cosmic Fog" or "Defendant"), and alleges as follows:

# I. INTRODUCTION

1.   This action arises out of Defendant Cosmic Fog's intentional and willful business decision to ignore DNA Vapor's first use and common law trademark rights in its Milk & Honey e-liquid product and Cosmic Fog's unfair competition in violation of the Lanham Act.

2.   Plaintiff DNA Vapor manufactures and sells high quality, well-crafted e-liquid flavors to consumers for use in e-cigarette products.

3.   One of DNA Vapor's first and most successful brands was its unique e-liquid product called "Milk & Honey".

4.   DNA Vapor was the very first vape company to brand an e-liquid as Milk & Honey.

5.   Nevertheless, about nine months after DNA Vapor first popularized Milk & Honey, Cosmic Fog released its own identically branded product without permission from DNA Vapor and without compensating DNA Vapor or paying it a licensing fee.

6.   Despite its knowledge of DNA Vapor's Milk & Honey product and its common law trademark rights, Cosmic Fog continues to sell its infringing product to this day.

7.   Accordingly, due to Cosmic Fog's blatant and willful infringement, DNA Vapor has no choice but to file this lawsuit seeking damages that it has suffered as a result of Cosmic Fog's unfair competition and trademark infringement.

# II.      JURISDICTION AND VENUE

8.   This Court has subject matter jurisdiction over DNA Vapor's Lanham Act claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1367, and 1338(a).

9.   This Court has supplemental jurisdiction over DNA Vapor's pendent state law claims pursuant to 28 U.S.C. § 1367 in that the state law claims are

integrally interrelated with DNA Vapor's federal claims and arise from a common nucleus of operative facts such that the administration of DNA Vapors' state law claims with its federal claims furthers the interest of judicial economy.

10.  This Court has personal jurisdiction over Defendant because Defendant is located in this District, does substantial business and sales in this district, and advertises, distributes, offers for sale, and sells the infringing products in this District.  Defendant has purposefully availed itself and directed it business at the opportunities of this District. Defendant committed tortious acts in this district against Plaintiff whose principle place of business is located in this District.

11.  Venue is proper in this District under 28 U.S.C. § 1391.

## III.    PARTIES

12.  Plaintiff DNA Vapor, LLC is a California limited liability company with an address of 10853 Venice Blvd., Los Angeles, CA 90034.

13.  Upon information and belief, Defendant Cosmic Fog Vapors LLC, is a California limited liability company with an address of 6 Surfside Ct, Newport Beach, 92663.

## IV.    FACTS

### DNA Vapor's First Use of Milk & Honey

14.  On or about March 2013, DNA Vapor first began selling Milk & Honey branded e-liquids.

15. DNA Vapor named its product Milk & Honey because it was inspired by the endless search for the land of Milk and Honey.

16. Milk & Honey quickly became one of DNA Vapor's foundational and bestselling products.

17.  Below is a true and correct copy of one exemplary receipt for the sale of Milk & Honey from DNA Vapor to a third party vape shop, dated June 7, 2013, attached hereto as Exhibit 1.



**INVOICE**

DNA VAPOR

Invoice: 01
06/07/2013

DNA Vapor

**TO:**
Vapor Delight

| Sales Rep. | P.O. Number | Delivery date | Ship Via | POD | Terms |
|---|---|---|---|---|---|
| Andre | | 06/07/2013 | hand | cash | none |

| Quantity | Description | Unit Price | Total |
|---|---|---|---|
| 20 | Backyard boogie | 8$ | 560.00 |
| 20 | The dough | | |
| 20 | Milk & honey | | |
| 10 | Neked peach | | |
| | | | 560.00 |

Make all checks payable to **DNA Vapor LLC**
**THANK YOU FOR YOUR BUSINESS!**

4

1

2       18.  Below is a true and correct copy of a photograph uploaded to Facebook

3  on August 30, 2013, showing a bottle of DNA Vapor's Milk & Honey e-liquid

4  product, attached hereto as Exhibit 2.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1
2
3
4
5

19.  Below is a true and correct copy of a photograph uploaded to Facebook on September 13, 2013, showing a bottle of DNA Vapor's Milk & Honey e-liquid product, attached hereto as Exhibit 3.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



20. Milk & Honey's reputation quickly spread throughout the e-liquid industry as it became more and more popular.

21. Since March 2013 through the present, Plaintiff DNA Vapor has continuously and without interruption sold its e-liquid product bearing the Milk & Honey trademark in interstate commerce.

22. A true and correct copy of a screenshot of Plaintiff DNA Vapor's website and the point of sale of its Milk & Honey product is shown below, and attached as Exhibit 4.



**Cosmic Fog Later Begins Selling Milk & Honey**

23.  Notwithstanding DNA Vapor's rights, in or about December 2013, Defendant Cosmic Fog willfully decided to name its own competing e-liquid product Milk & Honey and to use the trademark in connection with the advertising, marketing, sales, and promotion of their competing e-liquid to drive traffic to online retail outlets featuring such products and to increase Cosmic Fog's sale of such products.

24.  Shown below are true and correct copies of screenshots of DNA Vapor's Milk & Honey label on an e-liquid product and Cosmic Fog's Infringing Milk & Honey label on an e-liquid product, attached hereto as Exhibit 5.

*DNA Vapor's Authentic Milk & Honey*:



*Cosmic Fog's Infringing Milk & Honey*:



25. On February 26, 2016, Cosmic Fog applied for a federal trademark registration for Milk & Honey for "Chemical flavorings in liquid form used to refill electronic cigarette cartridges".

26. Cosmic Fog made two willfully false statements in its federal trademark application.

27. First, Cosmic Fog swore under penalty of perjury that "no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto".

28. Cosmic Fog knew that to be untrue because it knew that DNA Vapor was the first to sell its own Milk & Honey branded e-liquid.

29. Shown below and attached hereto as Exhibit 6 is a true and correct copy of Cosmic Fog's own Instagram post from late January or early February 2014,

1 | where it is informed by a neutral third party that it did not have exclusive
2 | trademark rights to Milk & Honey and that "DNA did it first".



30. Second, the Defendant's federal trademark application contained the knowingly false statement that Cosmic Fog's Milk & Honey had been used in commerce at least as early as October 3, 2013.

31. October 3, 2013, is the day that Cosmic Fog LLC was created by LegalZoom, not the day that it first began selling Milk & Honey in interstate commerce.

32.  A true and correct copy of a screencapture of the California Secretary of State Business Entity Detail webpage of Cosmic Fog is shown below, attached hereto as Exhibit 7.



33.  Defendant's own Facebook post, dated December 9, 2013, discusses how their products are "debuting … in the next few weeks". A true and correct copy of a screenshot of Defendant's Facebook page is shown below, and attached as Exhibit 8.

1



34. Due to Cosmic Fog's fraudulent statements to the USPTO, the trademark application matured into U.S. Reg. No. 4666115 (the "Federal Registration").

35. Cosmic Fog's Milk & Honey was not available for sale at www.btvape.com until February 2014.

36. Cosmic Fog's Milk & Honey was not available for sale at www.cosmicfogvapors.com until March 2014.

37. Cosmic Fog's Milk & Honey branded e-liquid directly competes with DNA Vapor's Milk & Honey branded e-liquid.

38. Cosmic Fog's sale of its Milk & Honey e-liquid under the Infringing Milk & Honey mark diverted and diverts actual and potential customers to its infringing products instead of DNA Vapor's original Milk & Honey products.

39. Cosmic Fog's Milk & Honey and DNA Vapor's Milk & Honey are sold at many of the same online e-liquid retailers.

40. Cosmic Fog's Milk & Honey and DNA Vapor's Milk & Honey are sold at many of the same physical e-liquid retailers.

41. Cosmic Fog traded upon DNA Vapor's valuable trademark rights, usurped DNA Vapor's existing business and potential business opportunities, and has caused and continues to cause irreparable harm to DNA Vapor and its e-liquid business.

42. In 2013 and 2014, DNA Vapor carried twelve brands. Milk & Honey was its best-selling and most popular brand. But when Cosmic Fog's competing Milk & Honey product hit the market with better distribution and a lower price, DNA Vapor's sales plummeted.

43. In 2014, a co-owner of DNA Vapor, Jon Sanders, frequently made sales pitches in person at retail vape shops throughout Southern California.

44. Many retail shops that Mr. Sanders attempted to place DNA Vapor's Milk & Honey into refused to carry the product because they already carried Cosmic Fog's Milk & Honey. The stores often said that they did not want to have a conflict of interest with Cosmic Fog, which had become a big player in the industry.  They also expressed concern to Mr. Sanders about their customers being confused over two different Milk & Honey brands.

45. Sometimes the retail shops picked up all of DNA Vapor's lines *except* for its Milk & Honey brand because they already carried Cosmic Fog's identical brand. Other times, the retail outlets chose not to carry any of DNA Vapor's twelve brands because Milk & Honey was DNA Vapor's best seller, and they would not carry a line without its best seller.

46. DNA Vapor was unable to obtain numerous accounts because of Cosmic Fog's infringing Milk & Honey, causing lost sales and damage to DNA Vapor.

47. Moreover, Cosmic Fog's sales and distribution representatives often told retail stores *not* to carry DNA Vapor's Milk & Honey.

48. As one representative example, in 2014, Jon Sanders was at a retail shop in Redondo Beach, California named Lucky Deuces. Austin Hopper, a representative for E-Gains Distributing, which was distributing Cosmic Fog's

13

product, came in to the Lucky Deuces vapor shop and spoke to owner Douglas Hughes.  As part of his routine sales pitch, Mr. Hopper asked Lucky Deuces to drop DNA Vapor's Milk & Honey and pick up Cosmic Fog's Milk & Honey instead.

    49. Cosmic Fog even blatantly sells its infringing Milk & Honey product on a website called www.dnavapors.com, nearly identical to Plaintiff's "DNA Vapor" company name. A true and correct copy of a screenshot of the infringing product available at www.dnavapors.com is shown below, and attached as Exhibit 9.



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

50. To this day, Cosmic Fog continues to falsely pass off its Milk & Honey product as "The Original". A true and correct copy of a screenshot of Defendant's Instagram page is shown below, and attached as Exhibit 10.



51. Cosmic Fog must now answer for its infringing conduct, which will include an injunction barring all future sale of its Milk & Honey products, the disgorgement of 100% of its profits to DNA Vapor, enhanced damages for Cosmic Fog's willful infringement, and a cancellation of its Milk & Honey trademark registration.

## FIRST CAUSE OF ACTION

### (False Designation of Origin Under 15 U.S.C. § 1125(a))

52. DNA Vapor refers to and re-alleges each and every allegation 1 through 51, all inclusive, above as if set forth herein.

53. Cosmic Fog's use of the infringing Milk & Honey mark has resulted in and continues to result in confusion, mistake and deception among consumers as to the source of origin of Cosmic Fog's and DNA Vapor's Milk & Honey products.

54. Cosmic Fog was aware at least as early as late January or early February 2014 of DNA Vapor's prior rights to the Milk & Honey mark.

55. By having actual and constructive knowledge of DNA Vapor's rights and trademarks and continuing to use the Infringing Milk & Honey mark, Cosmic Fog has, without consent of DNA Vapor, willfully violated 15 U.S.C. § 1125(a).

56. Cosmic Fog has done and is doing so with the intent to unfairly compete against DNA Vapor, to trade upon DNA Vapor's reputation and goodwill by causing confusion and mistake among consumers and the public, and to deceive the public into believing that Cosmic Fog's e-liquid products are associated with, sponsored by, or approved by DNA Vapor, when they are not.

57. Cosmic Fog's aforementioned acts and statements have caused damages to DNA Vapor in an amount to be proven at trial.

58. DNA Vapor is also being irreparably injured. Such irreparable injury will continue unless Cosmic Fog is permanently enjoined by this Court from further violation of DNA Vapor's rights, for which DNA Vapor has no adequate remedy at law.

## SECOND CAUSE OF ACTION

### (California Statutory Unfair Competition, Cal. Bus. & Prof. Code § 17200)

59. DNA Vapor refers to and re-alleges each and every allegation 1 through 51, all inclusive, above as if set forth herein.

60. By virtue of the acts complained of herein, Cosmic Fog has intentionally caused a likelihood of confusion among consumers and the public and has unfairly competed with Plaintiff in violation of Cal. Bus. &Prof. Code § 17200, *et seq*.

61. Cosmic Fog's acts constitute unlawful, unfair, malicious or fraudulent business practices, which have injured and damaged DNA Vapor.

62. As a direct and proximate result of Cosmic Fog' acts, DNA Vapor will suffer great harm in an amount to be determined at trial. DNA Vapor has also been irreparably injured. DNA Vapor will continue to be irreparably damaged unless Cosmic Fog is enjoined from further committing unfair and unlawful business practices against DNA Vapor.


### THIRD CAUSE OF ACTION
### (Common Law Trademark Infringement)

63. DNA Vapor refers to and re-alleges each and every allegation 1 through 51, all inclusive, above as if set forth herein.

64. Cosmic Fog has caused a likelihood of confusion among the purchasing public in this District and elsewhere, thereby infringing DNA Vapor's common law trademark rights.

65. DNA Vapor is being irreparably injured. Such irreparable injury will continue unless Cosmic Fog is permanently enjoined by this Court from further violations of DNA Vapor's rights.


### FOURTH CAUSE OF ACTION
### (California Common Law Unfair Competition)

66. DNA Vapor refers to and re-alleges each and every allegation 1 through 51, all inclusive, above as if set forth herein.

67. Cosmic Fog has caused a likelihood of confusion among the purchasing public in this District and elsewhere, thereby infringing DNA Vapor's trademark

17

rights, in violation of the common law of the State of California.

68. DNA Vapor is being irreparably injured. Such irreparable injury will continue unless Cosmic Fog is permanently enjoined by this Court from further violations of DNA Vapor's rights.

## PRAYER FOR RELIEF

WHEREFORE, DNA Vapor demands a judgment against Cosmic Fog and prays that this Court grants:

a. Permanent injunctive relief;

b. An accounting of, and disgorgement of, any and all profits derived by Cosmic Fog and all damages sustained by DNA Vapor by virtue of Cosmic Fog's infringing and illegal acts, in an amount to be determined at trial;

c. Prejudgment interest, the costs of this action, witness fees, and DNA Vapor's attorneys' fees, pursuant to 15 U.S.C. § 1117, 1118, and California Civil Code § 3288;

a. Punitive, enhanced, and exemplary damages for Cosmic Fog's acts of unfair competition and willful infringement;

b. Other economic and consequential damages in an amount to be determined at trial;

c. The destruction of all materials bearing infringements of DNA Vapor's Milk & Honey trademarks;

d. A judgment that Cosmic Fog has unfairly competed with DNA Vapor and violated the trademark laws of California and the United States;

e. Cancellation of all Cosmic Fog's Milk & Honey trademark registrations, including U.S. Reg. No. 4666115; and

f.  Grant to DNA Vapor such further relief as may be equitable and proper.

Respectfully submitted,

By:     */s/ Stephen McArthur*
Stephen Charles McArthur
The McArthur Law Firm PC
Attorneys for Plaintiff
DNA Vapor, LLC
10008 National Blvd., #295
Los Angeles, CA 90034
(323) 639-4455

Dated:  November 22, 2016

19